UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION-LAW

Michael Galanti                            :
21 Morgan Hill Drive                       :
Doylestown, PA  18901                      :          11-cv-04460-BMS
                          Plaintiff        :
                                           :          **FILED**
Vs.                                        :
Capital One Financial Corporation          :
1680 Capital One Drive                     :          JUL 2 8 2011
McLean, VA 22102                           :
and                                        :          MICHAEL E. KUNZ, Clerk
Capital One Bank (USA)                     :          By_____ Dep. Clerk
6124 188th Street                          :
Fresh Meadows, NY  11365-2713              :          Jury Trial Demanded
and                                        :
John Does 1-10                             :
and                                        :
X,Y,Z Corporations                         :
                          Defendant(s)  :

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

1.      This is an action brought by a consumer for Defendant(s) alleged violations of the

        Fair Credit Reporting Act (FCRA), 15 USC 1681 et. Seq.


2.      Plaintiff is Michael Galanti, an adult individual whose principle residence is located

        at 21 Morgan Hill Drive, Doylestown, PA  18901.


3.      Defendants are the following.

        a. Capital One Financial Corporation, with a principal place of business, and which

           may be served at 1680 Capital One Drive, McLean, VA  22102.

b.  Capital One Bank (USA), with a principal place of business, and which may be served at 6124 188th Street, Fresh Meadows, NY  11365-2713.

c.  John Does 1-10, individuals or business entities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

d.  X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## JURISDICTION AND VENUE

4.  The previous paragraphs of this complaint are incorporated by reference and All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

5.  Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this jurisdiction.

6.  Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

7.  A substantial portion of the conduct complained of occurred in this jurisdiction.

8.      Defendant's principal place of business is located in this jurisdiction.

9.      This Court has federal question jurisdiction pursuant to 28 USC 1331, 15 USC 1692,

et. seq. and 15 USC 1681 et.seq.

10.     Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1334-1337.

11.     Venue lies in this District pursuant to 28 U.S.C. §1392(b).

12.     Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

**COUNT ONE:  VIOLATION OF THE FAIR CREDIT REPORTING ACT,
15 USC 1681 s-2 et seq.; Specifically 15 USC 1681 s-2 (b) et. seq.**

13.     The previous paragraphs of this complaint are incorporated by reference and made a

part hereof.

14.     Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

15.     Defendant is  an entity who, regularly and in the course of business, furnishes

information to one or more credit reporting agencies about Defendants(s) transactions

or experiences with any consumer and Defendant is a "furnisher," as codified at 15

U.S.C. § 1681s-2.

16.     Defendant furnished certain derogatory information about Plaintiff's consumer

account to one or more of the relevant credit reporting agencies as defined by FCRA.

17.     Plaintiff disputed the alleged account(s) in writing with Defendant(s) in writing for a

number of meritorious reasons.  Plaintiff's dispute called into question issues

including but not limited to the following.

    a.     The amount of the alleged balance for the account.
    b.     Interest.
    c.     Finance charges
    d.     Other fees
    e.     The existence or non-existence of a contract which justified the balance
        interest, finance charges and other fees.

18.     Plaintiff's disputes with Defendant were in writing.  See attached exhibits.

19.     Plaintiff did not dispute the existence of the account, nor did Plaintiff dispute that

Plaintiff was the person to whom such account belonged.  But rather, Plaintiff

disputed the amount of the balance, interest, finance charges and other fees.  See

attached exhibits.

20.     Plaintiff's disputes with Defendant were bona fide legitimate disputes.

21.     Defendant(s) received Plaintiff's disputes concerning the alleged account(s).  See

attached exhibits.

22.   Defendant(s) chose to disregard Plaintiff's disputes, and allowed the information pertaining to the disputed account to remain virtually the same on Plaintiff's credit report.

23.   Plaintiff then disputed the alleged account(s) in writing with relevant credit bureaus. See attached exhibits.

24.   One or more of the relevant credit reporting agency(ies) then conducted an investigation where Defendant was contacted. See attached exhibits.

25.   Defendant verified the alleged account(s) with one or more of the credit reporting agency(ies). See attached exhibits.

26.   At the time that Defendant(s) verified the alleged account(s) with the credit reporting agency(ies), Defendant failed to state that the account(s) had been previously disputed by Plaintiff. See attached exhibits.

27.   The Pursuant to 15 USC 1861 s-2, Defendant(s) had a duty to notify the relevant credit reporting agency(ies) of Plaintiff's prior dispute of the account(s).

28.   The Pursuant to 15 USC 1861 s-2, at the time that Defendant(s) verified the information to the credit reporting agency(ies), Defendant(s) had a duty to report to

the credit reporting agency(ies) that the account(s) in question had been previously
disputed by Plaintiff.

29.     At the time that Defendant(s) verified the information to the credit reporting
        agency(ies), Defendant failed to inform the relevant credit reporting agency(ies) that
        the account had been disputed by Plaintiff.

30.     Defendant failed to fulfill it's duties prescribed by 15 USC 1681 s-2 to inform the
        credit reporting agency(ies) that Plaintiff had previously disputed the account(s).  See
        attached exhibits.

31.     Defendant(s) deprived Plaintiff of Plaintiff's right to have the disputed status of the
        account(s) included on Plaintiff's credit report.

32.     Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's
        legitimate, bona fide and meritorious disputes was misleading in such a way that such
        failure can be expected to influence any potential creditor or employer who would
        happen to review Plaintiff's credit report.  See Saunders v. Branch Banking and Trust
        Company of Virginia, 526 F 3d 142, 151 (4th Cir. 2008).

33.     Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's
        disputes fosters a presumption of validity to potential creditors or employers.

34.   The inclusion of the fact that the account(s) had previously been disputed by Plaintiff would likely help to negate such a presumption.

35.   Any potential creditor or may well be curious as to why Plaintiff did not pay on the account.  A potential creditor or employer may be influenced to learn that the non-paid account was in dispute, thereby possibly warranting Plaintiff's non-payment of the account.

36.   Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's Legitimate, meritorious and bona fide dispute(s) is misleading in such a way that such failure can be expected to have an adverse affect.  See Saunders v. Branch Banking and Trust Company of Virginia, 526 F 3d 142, 151 (4th Cir. 2008).

37.   Upon information and belief, it is averred that Defendant has a standard practice policy which contradicts it's duties pursuant to 15 USC 1861 s-2.

38.   It is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was intentional.

39.   In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on reckless indifference to the possibility that Plaintiff

may well have been correct in disputing certain aspects of the account information contained on his credit report.

40.  In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on negligent indifference to the possibility that Plaintiff may well have been correct in disputing certain aspects of the account information contained on his credit report.

41.  In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on reckless indifference to Defendant(s) duties under 15 USC 1681 s-2.

42.  In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on negligent indifference to Defendant(s) duties under 15 USC 1681 s-2.

## PRIVATE CAUSE OF ACTION

43.  The previous paragraphs of this complaint are incorporated by reference.

44.  Plaintiff brings this action under 15 USC 1681 s-2(b), as distinguished from 15 USC 1681s-2(a).

45.     There is no private cause of action under 15 USC 1681s-2(a). Only the government

        can bring a cause of action under 15 USC 11681 s-2(a). For example, the Attorney

        General could bring a claim on behalf of consumers under 15 USC 1681s-2(a).

46.     But there is a private cause of action under 15 USC 1681s-2(b). See the following

        case law which distinguishes between the government right of action under 15 USC

        1681s-2(a), and the private cause of action under 15 USC 1681s-2(b).

> Marshall v. Swift River Academy, LLC, 2009 WL 1112768
> (9th Cir. 2009).
> A consumer has no private right of action under FCRA
> against furnisher merely because the furnisher failed to
> provide accurate information to consumer reporting
> agencies.
>
> Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007
> WL2332494, *1 (E.D. Pa. Aug. 10, 2007).
> In order to prevail on a FCRA claim Plaintiff "must prove
> [he] notified a credit reporting agency of the dispute, the
> credit reporting agency then notified the furnisher of
> information, and the furnisher of information failed to
> investigate or rectify the disputed charge.").
>
> Catanzaro v. Experian Information Solutions, Inc., 671 F.
> Supp.2d 256, 260 (D. Mass. 2009).
> Notification by a consumer reporting agency to the
> furnisher is a prerequisite for furnisher liability under
> FCRA.
>
> Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3
> (M.D. Pa. 2006). The Court dismissed Plaintiff's
> Complaint, but only because Plaintiff failed to allege that
> he disputed the accuracy of the debt to a credit agency, or
> that the credit agency thereafter reported dispute to
> defendant.

47.     Because Plaintiff first disputed the account(s) with Defendant(s), and then disputed

the account with the credit reporting agency afterwards, and then Defendant verified

the derogatory information to the Credit Reporting Agency without stating that the

account was in a "disputed" status, Plaintiff does have a private cause of action

against Defendant under these particular circumstances.

**48.**     It is believed and averred that Defendant has standard business practices antithetical

to its duties under 15 USC 1681 s-2.

## LIABILITY

49.     The previous paragraphs of this complaint are incorporated by reference and made a

part hereof .

50.     At all times various employees and / or agents of Defendant were acting as agents of

Defendant, and therefore Defendant is liable to for the acts committed by its agents

and / or employees under the doctrine of respondeat superior.

51.     At all times various employees and / or agents of Defendant were acting as agents of

Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its

agents and / or employees under the theory of joint and several liability because

Defendant and its agents were engaged in a common business venture and were

acting jointly and in concert.

## DAMAGES

52.     The preceding paragraphs are incorporated by reference and made a part hereof.

53.     Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

54.     $1,000.00 statutory damages under 15 USC 1681 et. seq.

55.     Plaintiff suffered some distress and anger as a result of Plaintiff's rights being violated by Plaintiff and the rights of other consumers.

56.     The value of Plaintiff's emotional distress shall be proven at trial.

57.     Plaintiff believes and avers that the acts committed by Defendant are willful, wanton intentional, or reckless at best.  Plaintiff believes and avers that Defendant's acts are systemic.  Therefore, punitive damages are warranted.

58.     Plaintiff believes and avers that punitive damages should be awarded to Plaintiff in the amount of no less than $20,000.

## ATTORNEY FEES

59.   The previous paragraphs of this complaint are incorporated by reference and made a

part of this Complaint.

60.   Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees of

$2,625  at a rate of $350.00 per hour, described below.

| | |
|---|---|
| a.   Consultation with client and review of file.<br>Drafting of disputes.  Organizing documents. | 2 hour |
| b.   Drafting of writ and related documents | .25 |
| c.   Drafting , editing, review and filing of compliant<br>and amended complaint  related documents | 2 |
| d.   Service of Process | .25 |
| e.   Drafting, editing, filing and serving<br>Answer to motion to dismiss and related<br>Documents | 1 |
| f.   Follow up correspondence with Defense | 2 |
| Total = 7.5 | $2,625 |

61.   Plaintiff's attorney fees continue to accrue as the case moves forward.

**INJUNCTIVE RELIEF**

62.     The previous paragraphs of this Complaint are incorporated by reference.

**63.**    Plaintiff requests an order from this honorable court directing Defendant to report

Plaintiff's account(s)(s) referred to in the attached exhibits as "disputed," in

accordance with 15 USC 1681 s-2, or not to report the account(s) at all.

**OTHER RELIEF**

64.     The previous paragraphs of this Complaint are incorporated by reference.

65.     Plaintiff requests such other relief as this court may deem just and proper.

**JURY TRIAL**

**FILED**

JUL 2 8 2011

66.    Plaintiff requests and demands a jury trial in this matter.

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of   $23,626

enumerated as follows.

$1.00 actual damages
$1,000.00 statutory damages,
$2,625 attorney fees
$20,000 punitive damages

_____

$23,626

Wherefore, Plaintiff seeks declarative relief and in injunction requiring Defendant to comply

with 15 USC 1681 s-2. Plaintiff seeks such other relief as this Court deems fair and just.

*Vicki Piontek*                                    7·28·2011

Vicki Piontek, Esquire                             Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com

# EXHIBITS

**Michael Galanti**
**21 Morgan Hill Drove - Doylestown, PA 18901**
**(215)-348-2070**

Capital One
PO Box 30281
Salt Lake City, UT 84130

**Re:   DISPUTE**
**Michael Galanti  SSN:** ▮▮▮▮▮
**Account Number 517805727707**
**Alleged Balance $2236**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account.

The balance that your company claims against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

The amount stated on my credit report is excessive and inflated.  I request proof of the contract justifying such charges.  I also would like proof of the balance and a breakdown of all charges.

I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties.  I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

I am requesting that you conduct an investigation about the excessive balance and the excessive charges such as interest and other fees.

THIS IS A DISPUTED ACCOUNT.   YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

Sincerely,

Michael Galanti                          Date



P.O. Box 30281
Salt Lake City, UT 84130-0281

2922

December 31, 2010

Michael Galanti
21 Morgan Hill Dr
Doylestown PA 18901

Re:  xxxxxxxxxxxxx2273
Case #: 10001619999629

Dear Michael Galanti:

Thanks for contacting us about your credit bureau report. After researching your account, we've:

Updated your account as purchased by another lender. The lender that this account was sold to is Portfolio Recoveries Assoc 1-800-772-1413.

We've also forwarded this information to the following credit reporting agencies so they can update your credit report:

| Experian | Equifax | TransUnion | Innovis |
|---|---|---|---|
| P.O. Box 9701 | P.O. Box 740256 | P.O. Box 2000 | P.O. Box 1534 |
| Allen, TX 75013 | Atlanta, GA 30374 | Chester, PA 19022 | Columbus, OH 43216 |
| 1-888-397-3742 | 1-800-685-1111 | 1-800-888-4213 | 1-800-540-2505 |
| www.experian.com | www.equifax.com | www.transunion.com | www.innovis.com |

The credit reporting agencies may take up to 60 days to update the information on your credit report. You can contact the agencies directly if you have questions.

If you have questions regarding your account, please give us a call at 1-800-955-7070. Our Customer Service Representatives are available 24 hours a day, 7 days a week.

Sincerely,

Capital One Services, LLC

© 2010 Capital One. Capital One is a federally registered service mark. All rights reserved.

003244 / QA-   3117/DOM

6450

**Michael Galanti**
**21 Morgan Hill Drove - Doylestown, PA 18901**
**(215)-348-2070**

Trans Union Corporation
P.O. Box 1000
Chester, PA 19022

**Re:**   **DISPUTE AND REQUEST FOR INVESTIGATION**
         **Michael Galanti  SSN: ▉▉▉▉▉▉▉▉▉**
         **Capital One           Account Number 517805727707**
         **Alleged Balance $2,236**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account. The amount of the alleged charge off is excessive and inflated. The balance was never legally as high as $2,236.

I understand that the account has now been sold. I never legally owed Capital One $2236. This amount is in dispute.

Sincerely,

_Michael Galanti_                     2/11/11
Michael Galanti                        Date

*** 229877645-007 ***
PO Box 2000
Chester, PA 19022



03/12/2011  Trans**Union**.

P1FQEO00200282-I001125-037685685

ılı|ılı|ılı,|lllı|ıl|llıllı|lıllıılılılıl,lıl,ılılılı|

MICHAEL G. GALANTI
21 MORGAN HILL DR
DOYLESTOWN, PA 18901

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| CAPITAL ONE BANK USA NA | # 517805727707**** | NEW INFORMATION BELOW |
| VERIZON WIRELESS | # 9197773190**** | NEW INFORMATION BELOW |
| WELLS FARGO BK | # 446542018644**** | NO LONGER ON FILE |

| File Number: | 229877645 |
| Page: | 1 of 1 |
| Date Issued: | 03/12/2011 |

**TransUnion.**

Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.



The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK |  |  |  |  |
|-----|---|-----|---------|---------|---------|---------|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in brackets or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors.

### CAPITAL ONE BANK USA NA #517805727707****

| | | | |
|---|---|---|---|
| PO BOX 30281 | Balance: | $0 | Pay Status: | ›PAYMENT AFTER CHARGE OFF/COLLECTION‹ |
| SALT LAKE CITY, UT 84130 | Date Verified: | 02/2011 | | |
| (800) 955-7070 | High Balance: | $2,236 | Account Type: | REVOLVING ACCOUNT |
| | Collateral: | SLDTO PORTFOLIO RECOVERIES ASSOC | Responsibility: | INDIVIDUAL ACCOUNT |
| | | | Date Open: | 04/2007 |
| Loan Type: CREDIT CARD | Credit Limit: | $1,500 | Date Closed: | 07/2008 |
| Remarks: PURCHASED BY ANOTHER LENDER | | | Date Paid: | 11/2007 |
| Estimated date that this item will be removed: 11/2014 | | | | |

### VERIZON WIRELESS #9197773190****

| | | | |
|---|---|---|---|
| PO BOX 26055 | Balance: | $0 | Pay Status: | ›PAYMENT AFTER CHARGE OFF/COLLECTION‹ |
| MINNEAPOLIS, MN 55426 | Date Verified: | 11/2010 | | |
| (800) 852-1922 | High Balance: | $178 | Account Type: | OPEN ACCOUNT |
| | | | Responsibility: | INDIVIDUAL ACCOUNT |
| | | | Date Open: | 04/2004 |
| | | | Date Closed: | 10/2004 |
| Loan Type: TELECOMMUNICATIONS/CELLULAR | | | Date Paid: | 10/2004 |
| Estimated date that this item will be removed: 09/2011 | | | | |

**- End of investigation results -**

To view a free copy of your full, updated credit file, go to our website http://disclosure.transunion.com

# EQUIFAX

## CREDIT FILE : March 15, 2011
## Confirmation # 105400492 6

Dear Michael G Galanti:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

You may contact Equifax regarding the specific information contain in this letter within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 873-5648 from 9:00am to 5:00pm Monday-Friday in your time zone. If you want to request a free copy of the Equifax credit file you can call our toll free number at (877) 576-5766.

Thank you for giving Equifax the opportunity to serve you.

### The Results Of Our Reinvestigation

>>> **We have reviewed your concerns and our conclusions are:**

The following disputed account or inquiry is currently not reporting on your Equifax credit file. 446542018644

### Credit Account Information
*(for your security, the last 4 digits of account numbers have been replaced by credit prints x)*
*(This section includes open and closed accounts reported by credit grantors)*

| Account History Status Code | | |
|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

### Descriptions

>>> **We have researched the credit account. Account #- 517805727707* The results are:** Equifax verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Capital One, PO Box 30281, Salt Lake City UT**

**Capital One Bank USA Na** **PO Box 30281, Salt Lake City UT 84130-0281**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Date of 1st Delinquency | Date Mjr. Del. 1st Rptd | Months Revd | Activity Description |
|---|---|---|---|---|---|---|---|---|
| 517805727707* | 04/2007 | $2,236 | $1,500 | Monthly | 12/2007 | 07/2008 | 15 | Transfer/Sold |
| Items As of Date Reported | Balance Amount | Date of Last Pymnt | Actual Payment Amount | Terms Frequency | Scheduled Payment Amount | Date of Last Activity | Charge Off Amount | Deferred Pay Start Date |
| 02/2011 | $0 | 11/2007 | $0 | | $0 | 07/2008 | $0 | $0 |

Current Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Account Transferred or Sc
Charged Off Account; Credit Card;

| Account History with Status Codes | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 06/2008 | 05/2008 | 04/2008 | 03/2008 | 02/2008 | 01/2008 | | |
| | L | 5 | 4 | 3 | 2 | 1 | | |

( continued On Next Page )

Page 1 of 2

0009 42491-1314
Michael G Galanti
21 Morgan Hill Dr
Doylestown, PA 18901-2895

001314

P.O. Box 105518
Atlanta, GA 30348

105400492 6APP-00094 2491 - 1314 - 6845

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Michael Galanti | : | |
| 21 Morgan Hill Drive | : | |
| Doylestown, PA  18901 | : | 11-cv-04460-BMS |
| Plaintiff | : | |
| Vs. | : | |
| Capital One Financial Corporation | : | |
| 1680 Capital One Drive | : | |
| McLean, VA 22102 | : | |
| and | : | |
| Capital One Bank (USA) | : | |
| 6124 188th Street | : | |
| Fresh Meadows, NY  11365-2713 | : | Jury Trial Demanded |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| X,Y,Z Corporations | : | |
| Defendant(s) | : | |

**FILED**

'JUL 2 8 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**Certificate of Service**

On the 28th day of July, 2011, I sent a true and correct copy of the attached amended complaint upon the following parties at the following addresses.

McGuireWoods LLP
Kevin Batik, Esquire
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222

*Vicki Piontek*        7·28·2011

Vicki Piontek, Esquire        Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735