IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GALANTI,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **CAPITAL ONE FINANCIAL** | : | |
| **CORPORATION,** *et al.*, | : | No. 11-4460 |
| Defendants. | : | |

**ORDER**

**AND NOW**, this **9th** day of **September**, **2011**, upon consideration of Defendants' Motion to Dismiss the Amended Complaint, Plaintiff's response thereto, and Defendants' reply thereon, and for the following reasons, it is hereby **ORDERED** that the motion (Document No. 13) is **DENIED**.[1]

BY THE COURT:

_____
Berle M. Schiller, J.

---

[1] Capital One Bank (USA), N.A. and Capital One Financial Corporation (collectively, "Capital One") seek dismissal of Galanti's claim under the Fair Credit Reporting Act ("FCRA"). Galanti alleges that Capital One violated the FCRA, which imposes certain duties on furnishers of information to credit reporting agencies, by failing to disclose the disputed status of his credit card account to credit reporting agencies. Capital One argues that the Amended Complaint fails to allege facts sufficient to state a claim under 15 U.S.C. § 1681s-2(b). *See* Fed. R. Civ. P. 12(b)(6).

While the Third Circuit has not yet addressed the issue, other Circuits have held that a furnisher's failure to report the disputed nature of an account may violate Section 1681s-2(b). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161-64 (9th Cir. 2009); *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 147-50 (4th Cir. 2008); *see also SimmsParris v. Countrywide Fin. Corp.*, App. A. No. 09-4542, 2011 WL 3196079, at *2 (3d Cir. Jul. 28, 2011) (recognizing private right of action under Section 1681s-2(b)). Even assuming that a plaintiff must allege the existence of a bona fide or meritorious dispute and that his credit reports are misleading as a result of the omission, as Capital One contends, Galanti has pleaded facts sufficient to state a claim under Section 1681s-2(b).